F I L E D
Clerk
District Court

MAY 18 2023

for the Northern Mariana Islands
By_____
                                        (Deputy Clerk)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

| | |
|---|---|
| ZAJI OBATALA ZAJRADHARA, | Civil Case No. 1:21-cv-00021 |
| Plaintiff, | **SCREENING ORDER DISMISSING PLAINTIFF'S THIRD AMENDED COMPLAINT** |
| v. | |
| PC BARGAIN CORPORATION, | |
| Defendant. | |

Before the Court is Plaintiff Zaji O. Zajradhara's ("Zajradhara") Third Amended Complaint ("TAC," ECF No. 9) in response to the Court's second Screening Order (ECF No. 10). In this Third Amended Complaint, Zajradhara essentially restates the same factual allegations and causes of action as in his First and Second Amended Complaint (ECF Nos. 3 and 9, respectively), with only minor differences. In particular, the TAC asserts a federal claim for a violation of the Civil Rights Act of 1991, federal and state immigration violations, and a state law claim of failure to hire under Commonwealth law. The Court is required to screen each complaint brought in civil actions by individual filing *in forma pauperis*.[1] 28 U.S.C. § 1915(e)(2). If, after screening, the Court determines that the complaint is frivolous or malicious, fails to state a claim on which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief, it must dismiss the complaint. *Id*. Because Zajradhara has thrice failed to provide sufficient facts to establish a plausible claim for

---

[1] The Court previously granted Zajradhara's *in forma pauperis* application. (ECF No. 4.)

1

relief, the Court DISMISSES Zajradhara's federal claims WITH PREJUDICE, and state law claims WITHOUT PREJUDICE.

## I.   FACTUAL BACKGROUND

Zajradhara has "had a distinguished career with over 40 years of working experience in various locales as: Minneapolis, MN, Harlem, New York, Tokyo, Japan, Yangon, Myanmar and Saipan, MP 96950, before his attempted employment with PC Bargain Corp." (TAC ¶ 6.) In August 2020, Zajradhara electronically applied to the position of general manager and administrative assistant with PC Bargain. (*Id*.) He then applied for sales representative and online marketing specialist in December 2020. (*Id*.)

After his application was submitted, Zajradhara received an email from PC Bargain requesting that he fill out additional paperwork. (*Id*. at ¶ 7.) He alleges that "no such paperwork was required of previous U.S. Citizens nor CW-1 Workers." (*Id*.) Additionally, PC Bargain "falsely stated to [Zajradhara] that in fact they could not interview 'physically'; while during the same time, the company and staff were conducting face to face business transactions, as well as overseeing renovation projects within the store[.]" (*Id*.)

PC Bargain never interviewed Zajradhara for the positions he applied to, despite being "eminently qualified to fulfill." (*Id*. at ¶¶ 7, 21.) That is, despite being a qualified U.S. citizen, he was never given an interview and PC Bargain "simply gave the position to a CW-1 Worker, a citizen of Philipino Asian de[s]cent." (*Id*. at ¶ 22.) He asserts that he was a qualified U.S. citizen, yet the position was given to a non-U.S. citizen "without any explanation." (*Id*. at ¶ 23.) In sum, Zajradhara was "denied an employment opportunity[.]" (*Id*. at ¶ 12.)

2

As a result, Zajradhara filed a discrimination claim with the Equal Employment Opportunity Commission, which dismissed his claim and noticed him of his right to seek judicial remedies. (*Id*. at ¶ 8.)

After the Court screened his Second Amended Complaint and dismissed without prejudice virtually all his claims, Zajradhara submitted his TAC. (ECF No. 11.) Now, Zajradhara cites three causes of action: (1) violations of the Civil Rights Act of 1991 codified at 42 U.S.C. § 1981 et seq., (2) immigration violations, and (3) wrongful failure to hire.[2] (*Id*. at 2-5.) He seeks actual damages in the amount of $30.92 per hour of missed back wages, and punitive and compensatory damages to be determined at trial. (*Id*. at 6.)

## II.    LEGAL STANDARD

Because this is a civil action initiated by a pro se party filing *in forma pauperis*, the Court will examine the complaint to determine if it passes screening. A complaint fails to state a claim if it lacks a cognizable legal theory or does not allege enough facts under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). As a baseline requirement, a complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The complaint need not include detailed allegations, but it must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Furthermore, "a complaint must contain sufficient factual matter, accepted as true, to 'state a

---

[2] The Court previously dismissed with prejudice Zajradhara's allegations that PC Bargain violated Title 18 of the U.S. Code, the United States criminal code. To the extent Zajradhara re-alleges violations of Title 18, the Court will disregard such claims. (*See* SAC ¶ 13.)

claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

"[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citation omitted). Even under the heightened *Twombly/Iqbal* pleading standard, the "'obligation' remains, 'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt.'" *Hebbe v. Pliler,* 627 F.3d 338, 342 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)). However, the court may not supply essential elements of the claim that were not initially pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992). Leave to amend should be granted "if it appears at all possible that the plaintiff can correct the defect" in the complaint. *Lopez v. Smith*, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

## III.   DISCUSSION

### A.  Jurisdiction

The Court previously determined that Zajradhara could not claim diversity jurisdiction under 28 U.S.C. § 1332(a)(2) between himself and PC Bargain. (Second Screening Order 10.) Specifically, because he asserted $25,000 in damages and because Zajradhara and PC Bargain are citizens of the same state (the CNMI), there could not be diversity. (*Id.*) Here, Zajradhara asserts the same basis for jurisdiction: 28 U.S.C. § 1332(a)(2) and damages in excess of $25,000. The Court will, again, reject Zajradhara's assertion of diversity jurisdiction and instead rely on federal question jurisdiction based on his allegations of racial discrimination under 42 U.S.C. § 1981. In particular, Zajradhara, an

African-American United States citizen, claims he was discriminated against because "he was denied an employment opportunity[.]" (TAC ¶ 12.) For these reasons, the Court has jurisdiction to review this federal question claim under 28 U.S.C. § 1331.

**B.  42 U.S.C. § 1981**

Section 1981 provides that "[a]ll persons within the jurisdiction of the United States shall have the same right in every State and Territory to . . . the full and equal benefit of all laws . . . as is enjoyed by white citizens." "Analysis of an employment discrimination claim under § 1981 follows the same legal principles as those applicable in a Title VII disparate treatment case." *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 850 (9th Cir. 2004); *see Robinson v. Centene Corp./NurseWise*, 2008 WL 11338490, *4 n.1 (D. Ariz. Sept. 30, 2008) ("The elements required to establish a prima facie case of disparate treatment under Title VII overlap with those required to establish discrimination under 42 U.S.C. § 1981."). "Disparate treatment involves intentional discrimination, and occurs when an employer treats one employee less favorably than another on account of race, color, religion, sex, or national origin." *Ajwani v. Hanmi Bank*, 2016 WL 3901773, at *3 (C.D. Cal. July 18, 2016).

The plaintiff has the burden to establish a prima facie case of racial discrimination by a preponderance of the evidence. *Ahmed v. Mid-Columbia Med. Ctr.*, 673 F. Supp. 2d 1194, 1202, 1203 (D. Or. 2009). To do so, the plaintiff must show that "(1) he belongs to a protected class; (2) he was qualified for a particular position; (3) he was subject to an adverse employment action; and (4) similarly situated individuals outside his protected class were treated more favorably." *Chuang v. Univ. of Cal., Davis, Bd. of Tr.*, 225 F.3d 1115, 1123 (9th Cir. 2000). "If he does so, the burden shifts to the defendant to articulate a legitimate, nondiscriminatory reason for its action." *Ahmed*, 673 F.

Supp. 2d at 1202. The plaintiff need only provide "minimal evidence" that does not rise to the level of a preponderance of the evidence to establish a prima facie case of racial discrimination. *Clark v. Safeway, Inc.*, 478 F. Supp. 3d 1080, 1088 (D. Or. 2020).

Here, again, Zajradhara claims racial discrimination because he was "denied an employment opportunity[.]" (TAC ¶ 12.) As the Court iterated previously, while Zajradhara does belong to a racial minority, and thus a protected class, there is nothing in his TAC to suggest that he is qualified for the jobs applied to. Taking Zajradhara's facts as true, the only information the Court has regarding his qualifications include conclusory statements that he has a "distinguished career with over 40 years of working experience in various locales" (TAC ¶ 6), and that he was "eminently qualified," for the job (*id*. at ¶ 21). Although only minimal evidence is necessary, these facts are woefully insufficient to establish a prima facie case of § 1981 discrimination.

Even if Zajradhara were qualified for any one of the positions, he has not yet established that similarly situated individuals outside his protected class were treated more favorably. "Employees are similarly situated to the plaintiff when they have similar jobs and display similar conduct." *Fried v. Wynn Las Vegas, LLC*, 2021 WL 5408678, at *1 (9th Cir. Nov. 18, 2021) (internal quotation marks and citation omitted). They must be similar in material respects which "depends on the context and is a question of fact that cannot be mechanically resolved." *Id*. (cleaned up). Where the plaintiff fails to show similar jobs, similar conduct, or both, courts may reject a plaintiff's claim that similarly situated individuals were treated more favorable. *Enriquez v. City of Scottsdale*, 2022 WL 1773829, at *6 (D. Ariz. June 1, 2022). Here, all Zajradhara has alleged is that "PC BARGAIN simply gave the position to a CW-1 Worker, a citizen of Philipino Asian de[s]cent." (TAC ¶ 22.) Zajradhara did not even

identify which job the individual of Asian descent was hired for, so the Court has no idea whether individual was similarly situated to Zajradhara.

Zajradhara has, for a third time, failed to comply with Rule 8 of the Federal Rules of Civil Procedure establishing a claim showing he is entitled to relief. Thus, the Court DISMISSES WITH PREJUDICE Zajradhara's § 1981 claim as it appears he is unable to meet Rule 8's standards and establish a prima facie case of racial discrimination under § 1981.

### C. Immigration Violations

Zajradhara's second cause of action alleges immigration violations by PC Bargain.[3] Once again, he claims PC Bargain falsified statements on federal visa documents and committed violations various provisions of the Code of Federal Regulations.[4] In addition, he alleges a violation of the Immigration and Transition provision for the Commonwealth under the Immigration and Nationality Act at 48 U.S.C. § 1806.

Federal question jurisdiction is applicable when the plaintiff sues under a federal statute that creates a right of action in federal court. *Williams v. United Airlines, Inc.*, 500 F.3d 1019, 1021-23 (9th Cir. 2007). A statute explicitly creates a private right of action when the statute contains language that defines a cause of action. *Diaz v. Davis*, 549 F.3d 1223, 1230 (9th Cir. 2008). "Statutes that expressly provide for a private right of action identify the person(s) able to bring suit, those that are potentially liable, the forum for suit, and the potential remedy available." *Logan v. U.S. Bank Nat.*

---

[3] He also alleges these violations in his first cause of action. (TAC ¶ 2-3.)

[4] In particular, Zajradhara cites 20 C.F.R. §§ 655.423 (assurances and obligations of CW-1 employers), 655.440 (employer conduct recruitment), and 655.451 (criteria for temporary labor certification).

*Ass'n*, 2010 WL 1444878, at *6 (C.D. Cal. Apr. 12, 2010). When a statute "does not mention the availability of any action to enforce its mandates, nor [does it] . . . explicitly describe a forum in which suit may be brought or a plaintiff for whom such a forum is available" the statute does not contain an express private right of action. *Diaz*, 549 F.3d at 1230. Congress must have intended to create not only a private right but also a private remedy. *Hawaii Disability Rights Ctr. v. Cheun*, 513 F. Supp. 2d 1185, 1190 (D. Haw. 2007).

Congress's intent can be either express or implied, and a court will evaluate whether there is an implied right of action when the statute does not expressly provide for a private right of action. *See Cort v. Ash*, 422 U.S. 66, 78 (1975). Courts must determine whether (1) the plaintiff is part of the class "for whose especial benefit the statute was enacted," (2) Congress intended, explicitly, or implicitly, to create a private remedy for the plaintiff, (3) the underlying scheme of the statute comports with such a private right and remedy, and (4) the cause of action is one that traditionally is relegated to state law, as a concern of the states, and thus, would be inappropriate for federal courts to consider. *Id*. at 78. "The second factor is the factor which courts most widely have focused since *Cort*." *Cheun*, 513 F. Supp. 2d at 1191.

Here, Zajradhara has yet to identify whether he has an express private right of action or whether he has an implied right of action in federal law. Alternatively, CNMI law does provide a remedy through 3 CMC § 4528. That provision allows a U.S. citizen to make a claim for damages if an employer rejects a U.S. citizen application for the job without "just cause" and employs a non-U.S. citizen or otherwise permanent resident. However, as with Zajradhara's failure to hire claim, this would qualify as a state law claim that the Court does not have jurisdiction to hear unless included by

way of supplemental jurisdiction. *See* 28 U.S.C. § 1367. Without any evident express or implied private right of action, and without jurisdiction to preside over Zajradhara's state law claim, the Court finds that Zajradhara's claims of immigration violations fail screening for a second time. Thus, because it appears that Zajradhara has again failed to provide facts sufficient to establish a plausible claim for relief, the Court will DISMISS this claim. Without ruling on the merits of his complaint for this state law claim, the dismissal here is WITHOUT PREJUDICE to allow Zajradhara to pursue his immigration violation claim under 3 CMC § 4528 in the Commonwealth Superior Court.

### D.  Failure to Hire

Finally, Zajaradhara's third cause of action is couched as a "failure to hire" claim. According to him, he was never given an interview even though he was "eminently qualified[.]" (TAC ¶ 21.) Instead, PC Bargain "gave the position to a CW-1 Worker, a citizen of Philipino Asian descent." (*Id*. at ¶ 22.) Because PC Bargain "was required under CNMI and U.S. law to consider available and qualified U.S. citizens before hiring non-U.S. citizens . . . conducted no interview with [him] and then, without any explanation, gave the position to a non-U.S. citizen, even though a qualified U.S. citizen was available," PC Bargain unlawfully failed to hire him. (*Id*. at ¶ 23.)

Zajradhara fails to establish how this Court has jurisdiction over this claim, either in diversity or in federal question. 3 CMC § 4521 mandates that citizens, CNMI permanent residents, and U.S. permanent residents be given preference for employment in the Commonwealth. However, assuming there is a private right of action, this statute would qualify as a state law claim that the Court does not have jurisdiction to hear unless included by way of supplemental jurisdiction. *See* 28 U.S.C. § 1367. Because Zajradhara fails to establish a federal claim under any other cause of action, Zajradhara's

failure to hire state law claim under 3 CMC § 4521 fails screening once more, and without factual allegations to meet the plausibility standard, the Court must DISMISS this claim. The dismissal is WITHOUT PREJUDICE to allow Zajradhara to pursue this claim in the Commonwealth Superior Court as well.

### E.  Lack of Signature

Finally, the Court notes that Zajradhara failed to sign his Third Amended Complaint. Pursuant to Federal Rule of Civil Procedure 11(a), every pleading, which includes complaints, "must be signed by . . . a party personally if the praty is unrepresented." Further, "[t]he court must strike an unsigned paper unless the omission is promptly corrected after being called to the . . . party's attention." *Id*. In addition to dismissing Zajradhara's claims, the Court STRIKES his Third Amended Complaint for lack of a signature. Should he wish to file a separate complaint in this Court involving another matter, he is noticed to provide a signature.

### IV.  CONCLUSION

Because Zajradhara fails to establish a plausible claim for relief under either federal or state law claim despite this third opportunity, the Court DISMISSES his claims contained in his Third Amended Complaint. (ECF No. 11.) To the extent Zajradhara may have a CNMI law claim, he is placed on notice to timely file such a claim before the Commonwealth Superior Court.

IT IS SO ORDERED this 18th day of May, 2023.

_____
RAMONA V. MANGLONA
Chief Judge